MAUD M. LENOX, Appellant, v. J. J. NEWBERRY Co., Respondent. NOAH LENOX, Appellant, v. J. J. NEWBERRY Co., Respondent.— Appeal from a judgment of the Supreme Court, Trial Term, Tioga County. Plaintiff Maud M. Lenox was a customer in defendant's variety store. In walking through the store she testified that " my left foot slipped " and another witness described the occurrence by saying that " her feet just went right out from under her. They slipped right out ". She landed in part on her left hand, and putting that hand to her face after the fall she noticed it had on it an " oily substance " and " my hand felt of oil ". There was also an " oily substance " up and down the side of her clothes where these had come in contact with the floor. A witness observing the floor at the place of fall noticed after the accident that the floor at this point was " slippery " and " unusually slippery ". The crepe rubber soled shoes of the witness slid " over the floor very easily ". There is proof that a short time before this plaintiff's fall another customer had slipped in the same aisle. Nine days before the plaintiff's accident the floor had been treated with " Mycrosheen ", a cleaning preparation. This treatment was usually carried out every three or four months. Whether this created a dangerous condition which ought to have been guarded against seems to us an open question of fact on the record before us. The case has some important aspects of similarity to *Budrow* v. *Grand Union Co.* (302 N. Y. 804), which had been considered by this court (277 App. Div. 1079, and 275 App. Div. 978). We think, therefore, the complaint should not have been dismissed. It was the view of the Trial Term, however, that in any event the verdict was against the weight of the evidence, and this view was expressed in an additional order granting a new trial. We think the determination that there be a new trial was well within the frame of the right of the judge to supervise the work of the jury in the case before him. Order and judgment of nonsuit reversed on the law and the facts and the order directing a new trial affirmed, on the law and the facts, with costs to appellants to abide the event. Bergan, J. P. Coon, Halpern, Imrie and Zeller, JJ., concur.